James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Louis C. GUILLOT, doing business as Jackson Dental Laboratory & Supplies, Defendant.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Lute S. ELLISON, L. L. Branscome, and L. L. Branscome, Jr., Defendants.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

GRAHAM TRANSFER & STORAGE CO., A Corporation, and Malcolm R. Graham, Sr., Defendants.

Civ. A. Nos. 1079, 2563 and 929.

United States District Court
S. D. Mississippi.
June 21, 1962.

334

William Fauver, Sol., U. S. Department of Labor, Birmingham, Ala., for plaintiff.

C. Arthur Sullivan, Sullivan, Sullivan & Keyes, Jackson, Miss., and John C. Sullivan, Jackson, Miss., for defendants.

COX, District Judge.

The Defendants consented to permanent injunctive judgments against them in these cases for erstwhile violations of the Wage and Hour Act. These judgments were entered fifteen years ago in Number 1079, almost six years ago in Number 2563 and four years ago in Number 929. The defendants move to dissolve these injunctions as being no longer useful or necessary to serve any good purpose and as being detrimental, harmful and oppressive to them and to their businesses.

■ All such injunctions against future violations of statute are provisional and tentative in nature and effect (although permanent in form) and are subject to the inherent power of the Court to dissolve upon showing of good cause therefor. Such a judgment in effect may be treated and considered just as if such power to vacate it for good cause were expressly reserved therein.

■ Good faith compliance with all of the requirements of the injunction for a sufficient time for the Court to be assured of the honest purpose and intent of the Defendant to sin no more is a necessary prelude to the exercise of such inherent power of the Court to vacate such a judgment. A *consent* judgment for an injunction cannot be regarded as more sacrosanct. Government by injunction is not favored. It is not good for government or business! These Defendants actually consented to the judgments in these cases and thereby fully cooperated in voluntarily submitting to such injunctive process and have steadfastly remained in compliance with the Act and the injunction in every respect.

It was agreed here that each Defendant and movant would solemnly testify under oath that he honestly intended in good faith to continue to comply *with every requirement of the Act* without the injunction as in the past. That statement is certainly not incredible and is entitled to great weight under the circumstances. Nothing was shown by the Plaintiff in objection to such request to disparage such assurances in any respect. It must be inferred that nothing exists to cast any doubt upon the intent of the Defendants to fulfill that promissory assurance to the Court.

■ These injunctions have manifestly served their purpose. The continuation thereof into perpetuity would be oppressive and in excess of any purpose provided by the Act in affording such extraordinary relief in aid of its proper enforcement and observance. Even persons who violate our criminal statutes cannot be subjected to excessive punishment and are accorded parole concessions which shorten sentences imposed by the courts. An injunction in equity should not be regarded or applied with greater harshness. The Court finds as a fact that no need or necessity exists for a continuance of these injunctions in effect and that it is embarrassing to these businesses and is detrimental to the public interest that they be continued in effect.

The spirit of this Act would best be served under the circumstances by lifting this Damocles sword from over the

necks of these former offenders and giving them an opportunity to show the metal of their good citizenship by allowing them to voluntarily respect this Act in the future as they have done for so long in the past under the constant and compulsive threat of this dire process. Every presumption must be indulged in movants' favor under the circumstances to the effect that they will ever be and remain good law abiding citizens. Within the purview of Civil Rule 60(b) (5), "it is no longer equitable that the judgments should have prospective application." A supplemental final judgment may be presented for entry in each of these separate cases now dissolving such injunctions for the reasons and under the circumstances stated.